940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
VALVE & PRIMER CORPORATION, Plaintiff-Appellant,
v.
VAL-MATIC VALVE & MANUFACTURING CORPORATION, Defendant-Appellee.
 No. 90-3379.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided Aug. 2, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 On October 7, 1987, appellant Valve & Primer Corporation (Valve & Primer) filed suit in the district court alleging that Val-Matic Valve & Manufacturing Corporation (Val-Matic) infringed twenty-one of its copyrighted publications. Valve & Primer voluntarily dismissed eighteen of the twenty-one counts twenty months after the suit was initiated. Of these eighteen, the district court noted that the plaintiff failed to affix copyright notices to sixteen of the publications. In addition, defendant Val-Matic did not publish any literature similar to eleven of these eighteen publications that Valve & Primer alleged Val-Matic had infringed. Valve & Primer did not produce any evidence that it registered a copyright on one of the three surviving claims; therefore, the district court dismissed this claim. The district court granted the defendant's motion for summary judgment on the final two claims. The court found that Valve & Primer forfeited its copyright protection by failing to attach copyright notices to the two bulletins and by failing to correct the omissions.
 
 
 2
 Val-Matic moved for Rule 11 sanctions and for costs and attorneys' fees as the prevailing party in a copyright suit pursuant to 17 U.S.C. Sec. 505.[1] The fee petition requested $69,284 in attorneys' fees, $4,224 for out-of-pocket expenses and $32,767 for time spent by Val-Matic employees assisting counsel for a total of $106,275. The district court disallowed the entire request for reimbursement of Val-Matic employees and reduced the fee amount requested due to excessive time spent on certain projects. Pursuant to both Rule 11 and Sec. 505 of the Copyright Act, the court awarded $65,662.12 in fees, plus all requested costs, totaling $69,886.12. Valve & Primer appeals from the district court's award of attorneys' fees, claiming that the amount is unreasonable.[2]
 
 
 3
 Decisions concerning the award of attorneys' fees as a Rule 11 sanction or under Sec. 505 of the Copyright Act are "better left to the discretion of the district court who has a bird's eye view of 'the actual positions' taken by the litigants." Flip Side Productions, Inc. v. Jam Productions, Ltd., 843 F.2d 1024, 1038 (7th Cir.1988) (quoting Matter of Central Ice Cream, Co., 836 F.2d 1068, 1072 (7th Cir.1988)). Therefore, we will uphold an award of attorneys' fees unless the district court abused its discretion.
 
 
 4
 Valve & Primer contends that the district court failed to take equitable considerations into account. First, they note that the court did not look at its assets. We agree with Val-Matic that this argument should have been raised below, and, because it was not, it is waived. The appellant also claims that the court did not consider Val-Matic's alleged failure to mitigate its costs by causing unnecessary litigation and whether the fees claimed by Val-Matic were excessive. We disagree. The district court carefully scrutinized the fee petition and refused to award fees for what it deemed to be unnecessary tasks or excessive charges.
 
 
 5
 Valve & Primer also challenges specific charges which they believe are excessive or unnecessary. We need not address each of these individual contentions. Valve & Primer raised each of these objections in the district court. The court thoroughly analyzed the fee petition and the positions of the parties. Our review of the record shows that the district court did not abuse its discretion. The award of attorneys' fees was entirely reasonable.
 
 The decision of the district court is
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 17 U.S.C. Sec. 505 states:
 In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
 
 
 [2]
 Value & Primer does not challenge the district court's authority to impose an award of attorneys' fees as a sanction. See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., --- U.S. ----, 111 S.Ct. 922 (1991) (upholding award of attorneys' fees and costs against signing party for filing of frivolous copyright infringement suit)